16208

BANAHAN v. METROPOLITAN LIFE INS. CO.

(52 S. E. (2d) 809)

*Messrs. A. L. Wardlaw,* of Columbia, and *Lee & Moise,* of Sumter, *for Appellant,*

*Messrs. G. Werber Bryan and M. M. Weinberg,* of Sumter, *for Respondent,*

April 15, 1949.

FISHBURNE, Justice.

This action was brought for the recovery of damages, actual and punitive, by the plaintiff, Edward M. Banahan, against Metropolitan Life Insurance Company, for alleged fraud and deceit.

The charge contained in the complaint is that the defendant on or about November 24, 1947, induced the plaintiff to

deposit with it the sum of $24.25, for which the defendant promised to issue to the plaintiff an insurance policy on his life in the sum of $5,000.00, or to return the deposit within sixty days. The fraud alleged is that the defendant wrongfuly and wilfully converted the money to its own use and fraudulently failed and refused either to issue the policy or to return the deposit. The defendant filed a general denial.

After overruling motions made by the defendant for nonsuit and directed verdict, the cause was submitted to the jury, which returned a verdict in favor of the plaintiff for the sum of $24.25, actual damages, and $2,176.31, punitive damages. Following the rendition of the verdict, the trial judge denied a motion for judgment *non obstante veredicto,* but a new trial was ordered unless the plaintiff should remit all of the verdict for punitive damages except the sum of $700.00. Plaintiff agreed to the remission, and judgment was entered accordingly.

The sole question for determination on this appeal is whether the evidence establishes a cause of action for actionable fraud.

The record discloses that the transaction in question between the parties commenced some time prior to November 24, 1947, when the respondent on his own initiative wrote to the home office of the appellant in New York requesting the issuance of a policy covering his life, in the sum of $5,-000.00. His request was referred to the District Office at Florence, South Carolina, and then to the local agent at Sumter, where the respondent resides. On November 24, 1947, the local agent, Mr. Stafford, interviewed respondent and gave him an official receipt which provided:

"If policy is not delivered to you within 60 days from date, this receipt should be presented at the District Office, or the Home Office in New York for refund."

The receipt acknowledged the payment by respondent of the sum of $24.25, which constituted the first month's premium, and contained the following stipulation:

"The above sum shall be refunded if the application is declined or if a policy is issued other than as applied for and is not accepted by the applicant."

The respondent, at the time he applied for the insurance, was fifty-two years of age, and was a retired master sergeant from the United States Army. He had had previous dealings with appellant, and when he made this application held a paid-up life insurance policy issued to him by the company. On November 25, 1947, the day following his application, he was examined by Dr. Hewitt, of Sumter; and on December 13, 1947, he was again examined by Dr. Hewitt with special attention directed to his chest and heart. Before taking final action, the company requested that the respondent be reexamined by Dr. Hewitt with specific reference to an illness he suffered while in the army in 1944, which had been diagnosed as food poisoning. This last examination was made by Dr. Hewitt on January 21, 1948.

Thereafter, on February 14, 1948, the respondent, having heard nothing from appellant with reference to the policy, and sixty days having elapsed since his application, wrote the home office requesting that it check up on his application and let him know if it had been received. He received a reply to his letter signed by a vice president of the company on February 24, 1948, in which he was advised that after a thorough search of the records they had not been successful in locating his application, but that inquiry was being made to the district office at Florence, and that the search would be continued. He was assured that as soon as information was received from the Florence office, the matter would be given further consideration. Evidence offered by appellant tends to show that the application was in the Medical Department of the company at the time respondent made his inquiry.

The respondent testified that following this correspondence, he made several demands on Stafford, the local agent at Sumter, for delivery of the policy applied for or for the return of his money. Stafford requested that respondent wait until some definite information could be obtained from the district office at Florence or the home office in New York. Respondent states that he was never told by anyone whether or not his application had been found. It is apparent, however, that he is in error about this, because on April 21, 1948, he addressed a letter to appellant at its home office in New York in which he stated:

"This is to authorize you to review the records of my application to the Jefferson Standard Life Insurance Company. The purpose of this review is to assist you in rendering a decision on application to your company for life insurance."

By way of explanation, the respondent testified that prior to the time he applied to appellant for the insurance in question, he had made application for a policy of insurance on his life to the Jefferson Standard Life Insurance Company. He said that he cancelled his application with the last named company because their investigation, like that of appellant in this case, was too tediously prolonged.

After reviewing the records received from the Jefferson Standard Life Insurance Company, appellant declined respondent's application for life insurance on April 30, 1948. Obviously, respondent's letter of April 21st eliminates from the case any issue with reference to the demands which he said he made upon the local agent for the delivery of the policy or the return of his premium prior to that date. He stated that every time he requested the local agent to return his deposit the agent told him that he had no authority to make a refund. The evidence shows that the provisional premium had been forwarded by the local agent to the district office at Florence. Nor is it shown that any agent or officer of the appellant ever refused to refund this money.

The notice of rejection of the application (a blue slip) was sent to the local agent by the district office on May 4, 1948. Several days later he tried unsuccessfully to communicate the declination to the respondent by telephone. On May 15th he saw respondent at his home, showed him the blue slip, and told him that his application had been declined.

The testimony is in dispute as to what took place at this interview. Respondent states that the agent offered him the blue slip in exchange for the official receipt which had been issued to him, but that he was not offered a refund of his money. It may be inferred, however, that he had already consulted an attorney, had turned over his papers to him, and directed that suit be brought against the appellant. Subsequently, on May 19, 1948, this action was instituted. Appellant's check for the amount of the deposit was issued on May 21, 1948, payable to the order of the respondent, but it was not tendered because the action was then pending.

Ordinarily, a recovery of exemplary or punitive damages will be allowed where the case presents exceptional circumstances clearly indicating fraudulent conduct, malice or willfullness or such a reckless disregard of the truth as to justify the legal inference of fraudulent intent. But no recovery of punitive damages can be predicated on a breach of contract with fraudulent intent unless accompanied by a fraudulent act. *Branham v. Wilson Motor Co.*, 188 S. C. 1; 188 S. E. 417; *Welch v. New York Life Ins. Co.*, 183 S. C. 9, 189 S. E. 809.

In our opinion, a careful examination of the evidence in this case does not substantiate the charge of fraud and deceit set forth in the complaint. No general scheme or design to defraud is shown. It is true that some considerable time elapsed from November 24, 1947, the date of respondent's application, to April 30, 1948, the date of its rejection, but it is clearly demonstrated that practically throughout this period appellant, with respondent's knowledge and consent, was investigating his insurability. On

April 21, 1948, nine days before the date of rejection, respondent wrote appellant authorizing it to review the record of his application made to the Jefferson Standard Life Insurance Company, so as to assist the company in rendering a decision on his application. In large measure, the delay in final action was participated in by respondent.

We think the inference is inescapable that the failure of appellant to make the refund as agreed upon, if not waived, constituted only a breach of contract which rendered it liable in an action *ex contractu,* but no tort was thereby commited.

The case is closely analogous to *Ray v. Pilgrim Health & Life Ins. Co.,* 206 S. C. 344, 34 S. E. (2d) 218.

Respondent strongly relies upon *Griffith v. Metropolitan Life Ins. Co.,* 189 S. C. 52, 200 S. E. 89. In that case an application was made for a policy of life insurance and a deposit of twenty-five cents was given to the soliciting agent, which was to be applied in payment of the first weekly premium in the event the policy should be issued. The receipt given the applicant stipulated that if the application should be rejected, the deposit would be refunded. The evidence shows that some weeks after the application had been made, and time and again thereafter, the applicant called at the Columbia office of the insurance company and made demand for the delivery of the policy or for the return of her deposit; and that the insurance company refused to return the money, and failed to issue the policy. An effort was made by the local agent to have the applicant apply the deposit in payment of a premium on another policy which had been issued to her. It appears that eight weeks from the date of the original application, the applicant wrote the home office of the insurance company demanding the policy or the return of her money, but she was vouchsafed no reply. She pursued her inquiry for several months without avail before bringing suit for actionable fraud; and she stated that the

soliciting agent never called at her home again after receiving her application and deposit.

In the *Griffith case,* the judgment was affirmed because in the court's opinion there was sufficient evidence from which the jury might infer fraud. But in the case at bar we are unable to discover any evidence showing anything more than a breach of contract. The record does not justify the legal inference of fraud and deceit. Bad faith has not been proved.

The judgment against appellant in the sum of $24.25, actual damages, is affirmed. The award of punitive damages is reversed.

BAKER, C. J., and STUKES, TAYLOR, and OXNER, JJ., concur.